IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

STEVE BESWICK                                                PETITIONER

V.                              CIVIL ACTION NO. 5:20-cv-98-DCB-MTP

WILLIAM BARR, et al.                                         RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 32], to which no objections have been filed. Having carefully reviewed said report, the Court finds it to be well taken and hereby adopts it as the findings and conclusion of this Court.

BACKGROUND

Petitioner, a citizen of Jamaica, is currently held in Immigration & Customs Enforcement ("ICE") custody at Adams County Detention Center ("ACDC"). Petitioner is seeking a Writ of Habeas [ECF No. 1] and requests a Preliminary Injunction ("PI") and Temporary Restraining Order ("TRO") [ECF No. 14]. He asks to be released from custody due to health concerns caused by the COVID-19 pandemic, and what he believes is a heightened probability of being exposed to the virus. Petitioner, however, does not suffer from any serious underlying health issues that would place him at greater risk of death if he contracted the virus. The Petitioner

1

mentions that he has a metal rod in his foot, headaches, and that he is a smoker.

In the Respondent's response, he provided a declaration from Robert Hagan, the Acting Assistant Field Director for Enforcement and Removal Operation. [ECF No. 20]. The declaration detailed the efforts being made by ACDC to combat the current health crisis.

ACDC is monitoring all inmates for symptoms of COVID-19. If a detainee has had known exposure to another individual with COVID-19, ACDC places them in a "cohort" with other exposed individuals for fourteen days and monitors them for fever and respiratory issues.  Detainees also have access to daily sick calls in a clinical setting, and ACDC can facilitate specialty services or hospital care for detainees.

ACDC has also increased sanitation efforts to reduce the spread of the virus. Frequently-touched surfaces and equipment shared by staff members are disinfected several times a day.  Hand sanitizer, soap, masks, gowns, and eye protection are provided to staff. Additional cleaning solution is provided to detainees. ACDC has also imposed a "no-contact" requirement for essential professional visits at the facility and has suspended all in-person social visitation and tours of the facility.  Respondent maintains that ACDC has taken sufficient steps to combat the health crisis and Petitioner is not entitled to habeas relief on the grounds that his health may be at risk.

ANALYSIS

**Petition for Habeas Corpus:**

Petitioner brought this matter as a habeas corpus petition under 28 U.S.C. § 2241 challenging the conditions of his confinement and his continued civil detention. An individual may seek habeas relief under 28 U.S.C. § 2241 if he is in "custody" under federal authority "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody" and "the court has no power to entertain an application for… injunctive relief." Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976). Challenges regarding conditions of confinement are properly pursued as civil rights challenges under Section 1983 or Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1994). The Fifth Circuit has "adopted a simple, bright-line rule" for deciding whether an action should be brought as a Writ of Habeas Corpus or as a Section 1983 action. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). If "a favorable determination of an inmate's claim would not automatically entitle the inmate to accelerated release, the proper vehicle is a Section 1983 suit." Id.

3

In the Fifth Circuit, challenges to the *conditions* of confinement should be brought as civil rights actions and challenges to the duration of confinement should be brought as habeas petitions. Davis v. Fechtel, 150 F.3d 486, 490 (5th Circuit). "Simply put, habeas claims involve someone's liberty, rather than mere civil liberty." Id.

The Petitioner [ECF No. 1] appears to blend habeas and civil rights actions. He states that the conditions at ACDC are such that he is at a greater risk of exposure to COVID-19 and he is not provided with enough soap to practice proper hygiene, which suggests a challenge to the conditions of his civil detention. But, his requested relief is to be immediately released from detention, which is a form of relief that sounds only in habeas in the Fifth Circuit. Respondent contends that the Petitioner cannot challenge the conditions of his confinement within the habeas corpus petition and argues that Petitioner has not met his burden to establish a constitutional violation.

If the Court were to grant the Petitioner's requested relief, it would result in his immediate release. Therefore, the Petitioner has brought a habeas matter because the requested relief challenges the fact or duration of his confinement. Cook v. Texas Dept. of Crim. Just. Transnat'l Plan. Dep't, 37 F.3d 166, 168 (5th Cir. 1994); see also Barrera v. Wolf, 2020 WL 1904497, at *4 (S.D. Tex.

4

2020). Moreover, the Petition is plainly captioned: "Petition for Writ of Habeas under 28 U.S.C. § 2241."

Petitioner asserts that his risk of exposure to COVID-19 in ACDC renders his detention punitive and in violation of the Due Process Clause of the Fifth Amendment. The argument, however, addresses the conditions of Petitioner's confinement and does not attack the legality of the imposition or duration of Petitioner's detention.

Petitioner's claim that he fears contracting COVID-19 and the sanitation of ACDC, like constitutional claims of overcrowding or denial of Medicare, do not entitle him to habeas relief under section 2241. see Hernandez v. Garrision, 916 F.2d 291, 293 (5th Cir. 1990); see Rampersad v. Johnson, 2017 WL 5181805, at *2 (W.D. La. 2017); see also Russell v. Epps, 2012 WL 5930270, at *2 (S.D. Miss. 2012). Therefore, Petitioner cannot obtain release from detention on the grounds that his conditions of confinement are unconstitutional.

Respondent also argues that Petitioner cannot bring a free-standing Due Process Claim under the Fifth Amendment. [ECF. 15]. The Court, however, need not reach this issue because such a claim would essentially challenge Petitioner's conditions of confinement, which would not entitle him to the relief requested in this habeas corpus matter. United States v. Preston, 2020 WL

5

1819889, at *3 (N.D. Tex. 2020); see also Sacal-Micha v. Longoria, 2020 WL 1815691, at *8 (S.D. Tex. 2020).

Finally, Petitioner urges that his continued detention violates international law through the Convention Against Torture Act. He specifically cites to the International Covenant on Civil and Political Rights ("ICCPR") of which the United States is a party. Petitioner, however, cannot seek release under this international agreement. See Auguste v. Ridge, 395 F.3d 123, 132 (3rd Cir. 2005); see also Omar v. McHugh, 646 F.3d 13, 17 (D.C. Cir. 2011). "This Court cannot grant relief under the ICCPR because it is not a self-executing treaty." Martinez-Lopez v. Gonzales, 454 F.3d 500, 502 (5th Cir. 2006). "Non-self-executing" means that absent any further action by Congress to incorporate them into domestic law, the courts may not enforce them. Jama v. I.N.S., 22 F.Supp.2d 353, 356 (D.N.J. 1998). The ICCPR did not create individually enforceable rights. United States v. Banaban, 85 F.App'x 395, 396 (5th Cir. 2004). Therefore, the ICCPR does not provide an avenue for Petitioner's release.

It appears that ACDC has taken and is taking meaningful and reasonable steps to protect the detainees housed at the facility. Petitioner has not established a viable ground for relief under section 2241. He has only argued that his conditions of confinement are unconstitutional and that international law counsels against his further detention. Such claim, if cognizable, should be brought

6

in a separate action, and moreover, his request for habeas relief cannot be based upon his complaints regarding his conditions of confinement. Rather, it should have been brought pursuant to a civil rights action. For these reasons, the Petition [ECF No. 1] shall be dismissed with prejudice.

**Temporary Restraining Order and Preliminary Injunction**

Petitioner has also moved for injunctive relief in the form of his immediate release from ACDC. [ECF No. 14]. A party seeking a temporary restraining order or a preliminary injunction must establish the following elements: (1) there is a substantial likelihood of success on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the opposing party; and (4) the granting of the preliminary injunction will not disserve the public interest. Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). The movant must carry the burden on all four elements before injunctive relief is granted. Id.

Petitioner is unable to satisfy the first prong of the test for Temporary Restraining Order and Preliminary Injunction and cannot establish a likelihood of success on the merits because he brought this action as a habeas petition instead of a section 1983 action. Therefore, the request for injunctive relief is also denied.

**Attorneys' Fees**

Petitioner also requests costs and appropriate attorneys' fees under 28 USC § 2412. The statute allows a prevailing party in a civil action against the United States to collect costs and reasonable attorneys' fees. See 28 U.S.C. § 2412(a)-(b).

Notably, the Petitioner does not have counsel of record and previously asked the Court to appoint counsel for him. As there is no attorney involved, the Petitioner is not entitled to attorneys' fees. Additionally, because the Petition is dismissed and this matter is resolved in favor of the government, the Petitioner is not the prevailing party, and is not entitled to any costs associated with pursing this matter.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge Parker's Report and Recommendation [ECF No. 32] is ADOPTED as the findings and conclusion of this Court.

IT IS FURTHER ORDERED that the request for Temporary Restraining Order and Preliminary Injunction [ECF No. 14] is denied and THE PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 1] IS DISMISSED with prejudice. A final judgment shall be entered on even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 29th day of June, 2020.

```
                              /S/ David Bramlette
                              UNITED STATES DISTRICT JUDGE
```